# IN the MATTER OF DISCIPLINARY PROCEEDINGS AGAINST Alan P. SCHRINSKY, Attorney at Law.

Supreme Court

*No. 89-1727-D. Filed May 28, 1991.*

(Also reported in 469 N.W.2d 406.)

PER CURIAM. *Attorney disciplinary proceeding; attorney's license suspended.*

We review the referee's recommendation that the license of Attorney Alan Schrinsky to practice law in Wisconsin be suspended for 60 days as discipline for professional misconduct consisting of neglect of client legal matters, failure to communicate with clients and respond to their inquiries, misrepresentations to clients and to the Board of Attorneys Professional Responsibil-

ity (Board) concerning the status of his clients' matters and failure to cooperate in the Board's investigation into his misconduct. The referee further recommended that the court impose conditions on his continued practice of law related to a medical condition he asserted in mitigation of the seriousness of his misconduct.

We determine that the license suspension recommended by the referee is appropriate discipline for Attorney Schrinsky's misconduct. By that misconduct, he has demonstrated a failure to promptly perform the duties of a lawyer and pursue the matters for which he had been retained, as well as a refusal to acknowledge that neglect, to the point of refusing to answer clients' questions concerning his representation of them and, when responding, misrepresenting what he had done on their behalf. Moreover, Attorney Schrinsky was previously disciplined for neglecting a client's legal matter.

Attorney Schrinsky was admitted to practice law in Wisconsin in 1963 and practices in Milwaukee. In 1987, the court publicly reprimanded him for neglect of a client's legal matter. *Disciplinary Proceedings Against Schrinsky,* 136 Wis. 2d 89, 401 N.W.2d 169 (1987). The referee is Attorney S. Michael Wilk. The parties stipulated to the following facts and the referee made findings accordingly.

In March, 1986, Attorney Schrinsky was retained by a woman to probate her mother's estate. Following an initial delay caused by the refusal of the personal representative named in the will to act in that capacity, the woman who retained Attorney Schrinsky was appointed personal representative in October, 1986. Soon thereafter, Attorney Schrinsky contacted a number of financial institutions to determine the identity and balance of accounts the decedent held.

In April, 1987, three of the heirs filed a grievance with the Board alleging that Attorney Schrinsky unduly delayed completing the estate and had failed to return a number of their telephone calls inquiring into the progress of the proceeding. In his response to that grievance, Attorney Schrinsky reported that on March 12, 1987, he filed a general inventory and final account, together with waivers, and that a hearing on the final account was held on that date. He also stated that all of the estate funds, except a small amount retained by the personal representative to pay potential tax liability, had been distributed to the heirs. However, a parcel of land remained to be distributed, as it had been selected by one of the heirs as a part of her share under the will.

In that response, Attorney Schrinsky also stated that in May, 1987 he forwarded a copy of the will, inventory, final account and inheritance tax return to each heir, together with a letter stating that the estate would be concluded as soon as the state tax closing certificate was received. However, he failed to state that he had not yet filed with the Department of Revenue the tax returns needed to obtain the closing certificate.

In March, 1988, the heir who had selected the real estate wrote to Attorney Schrinsky that she had not yet been listed as the owner of the parcel and that the county authorities had no notice that the prior owner was deceased. She asked him to let her know when he would transfer the property. When she received no reply, she wrote him in May, 1988, telling him that she was asking assistance from the Board and wrote to the Board on the same day stating that Attorney Schrinsky had delayed in transferring that property to her.

The Board wrote to Attorney Schrinsky asking for a written response within 20 days. When it received no reply, it sent a second letter and, when no reply was

received, sent a notice for him to appear at the Board's office in August, 1988. At that appearance, Attorney Schrinsky acknowledged receiving the two requests for a response and admitted that he failed to respond. He told the Board that usually real estate is awarded to heirs in the final judgment in probate rather than by deed. However, in this instance the final judgment had not been entered because he had not filed the required tax returns in order to obtain the necessary tax certificates but he did not so inform the Board. At the Board's request, he agreed to prepare a personal representative's deed and also produce his file in the estate later that month.

Attorney Schrinsky failed to produce either the deed or his file and the Board wrote to him requesting his appearance with those materials. On the day before the scheduled meeting, he sent the deed to the register of deeds for recording and wrote to the heir telling her of his action. He did not, however, appear at the Board's office on the following day but did appear in the probate court for a hearing on an order to show cause concerning his delay in closing the estate. When he told the court that only the closing certificate for fiduciaries was needed, the hearing was adjourned.

Later that month, Attorney Schrinsky submitted the fiduciary income tax returns and the inheritance tax return for the estate. He obtained the closing certificate the following month and no tax was due nor were penalties assessed. He filed the closing certificate with the court on the adjourned hearing date and the estate was closed on January 12, 1989.

The referee concluded that Attorney Schrinsky's conduct in this matter, including his failure to timely file state tax returns, constituted neglect of a legal matter, in

violation of SCR 20.32(3)[1] and 20:1.3,[2] that his statement to the Board that he was awaiting a closing certificate from the revenue department when he had not yet filed the required returns constituted a misrepresentation, in violation of SCR 20.04(4),[3] and that his failure to provide a written response to two letters of inquiry from the Board and his failure to provide his file and to take actions requested by the Board constituted failure to cooperate in the Board's investigation, in violation of SCR 21.03(4)[4] and 22.07(2).[5]

In October, 1986, a woman retained Attorney Schrinsky to represent her in a divorce but the following

[1]SCR 20.32 provides: "**Failing to act competently.** A lawyer may not: . . . (3) Neglect a legal matter entrusted to the lawyer."

[2]SCR 20:1.3 provides: "**Diligence** A lawyer shall act with reasonable diligence and promptness in representing a client."

[3]SCR 20.04 provides: "**Misconduct.** A lawyer shall not: . . . (4) Engage in conduct involving dishonesty, fraud, deceit or misrepresentation."

[4]SCR 21.03 provides: "**General Principles.** . . . (4) Every attorney shall cooperate with the board and the administrator in the investigation, prosecution and disposition of grievances and complaints filed with or by the board or administrator."

[5]SCR 22.07 provides:

**Investigation.**

. . .

(2) During the course of an investigation, the administrator or a committee may notify the respondent of the subject being investigated. The respondent shall fully and fairly disclose all facts and circumstances pertaining to the alleged misconduct or medical incapacity within 20 days of being served by ordinary mail a request for response to a grievance. The administrator in his or her discretion may allow additional time to respond. Failure to provide information or misrepresentation in a disclosure is misconduct. The administrator or committee may make a further investigation before making a recommendation to the board.

month asked him to withhold action because she and her husband were in counseling. Attorney Schrinsky ultimately commenced the divorce proceeding on May 13, 1987.

On November 18, 1987, Attorney Schrinsky advised his client to obtain reports on all benefits of her husband's various pension and retirement plans and sent her a release form to be signed by her husband to obtain that information. When the client met with Attorney Schrinsky on February 10, 1988 to discuss the proposed terms of a final stipulation, Attorney Schrinsky told her he would prepare and send her a draft of the stipulation within two months, provided the pension and retirement information releases were sent to him. On February 26, 1988 the client sent him additional financial information, directions for the stipulation, copies of tax returns and the pension information release form signed by her husband.

When the client did not receive the draft of the final stipulation by the middle of May, 1988, she tried numerous times to telephone Attorney Schrinsky but he did not respond to those calls until June 14, 1988. At that time, he told her that he had finished preparing the final stipulation draft and it would be typed by his secretary when she returned from a short vacation. When the client did not receive that draft, she attempted to telephone Attorney Schrinsky during June and July, 1988, finally contacting him at his new office location on July 29, after having left a message that she would file a grievance with the Board if he did not return her call. When he called her, Attorney Schrinsky told the client that the stipulation draft was ready to be typed but there were no figures regarding the pensions included. He said he would send the draft to her within 10 days.

Attorney Schrinsky finally sent the client a proposed final stipulation on September 23, 1988, asking that she review it before forwarding it to her husband for his signature. He told the client that on the same day he had written several companies regarding the husband's pension and life insurance policies. Attorney Schrinsky sent the husband the final stipulation for his signature on September 27, 1988, telling him he did not have the values for the pension and life insurance plans and suggesting that, upon determination of those values, one-half be paid to the husband from the couple's savings account. The parties signed the stipulation in October, 1988 and the divorce was granted at the hearing held the following month, but no pension and life insurance values were available at the hearing.

When the client filed a grievance with the Board concerning the long delay in his preparing the stipulation and his continued failure to return her telephone calls, the Board wrote to Attorney Schrinsky asking for a response within 20 days. When it did not receive a response, the Board sent him two certified letters but did not receive a reply. However, on December 6, 1988, Attorney Schrinsky appeared at the Board's office and gave a sworn statement.

The referee concluded that Attorney Schrinsky neglected this legal matter, in violation of SCR 20.32(3) and 20.1.3, failed to communicate with his client and respond to her communications and keep her reasonably informed as to the status of her matter, in violation of SCR 20:1.4,[6] misrepresented to his client that the

---

[6]SCR 20:1.4 provides:

**Communication.**

(a) A lawyer shall keep a client reasonably informed about the status of a matter and promptly comply with reasonable requests for information.

divorce stipulation was ready to be signed when he knew it was not, in violation of SCR 20:8.4(c)[7] and failed to cooperate in the Board's investigation, in violation of SCR 21.03(4) and 22.07(2).

In a third matter, a woman retained Attorney Schrinsky in January, 1985 to represent her and her minor daughter following the daughter's injury in a school bus accident. The bus company's insurer asked for and received a written statement concerning the minor child's injuries in April, 1985. The following October, the insurer asked Attorney Schrinsky what the status of the claim was, to which Attorney Schrinsky replied that he had not been able to obtain any medical bills. The insurer made two attempts to contact Attorney Schrinsky in June, 1986 and left messages but Attorney Schrinsky did not return the calls.

On May 7, 1987, Attorney Schrinsky sent a letter to the insurer and sent medical bills, an emergency room record and a purported medical report. The insurer then made an offer to settle the claim for $500 and Attorney Schrinsky said he would discuss that offer with his clients and let the insurer know within a week. The following month, the insurer wrote to Attorney Schrinsky concerning the offer; three weeks later Attorney Schrinsky told the insurer that the offer was accepted and the clients subsequently signed a release.

While this matter was pending, the minor child was injured as a passenger in a motor vehicle accident. Her mother retained Attorney Schrinsky to represent her in

(b)   A lawyer shall explain a matter to the extent reasonably necessary to permit the client to make informed decisions regarding the representation.

[7]SCR 20:8.4 provides: "**Misconduct** It is professional misconduct for a lawyer to: . . . (c) engage in conduct involving dishonesty, fraud, deceit or misrepresentation."

that claim and the driver and two other passengers also retained him for their claims arising out of that accident. Attorney Schrinsky did not communicate with his client between July, 1985 and April, 1987; he sent the minor's medical records to the insurer on May 7, 1987 and the claim was settled in mid-July.

After the child's mother filed a grievance with the Board in March, 1987, concerning his neglect of both personal injury claims and his failure to keep them informed as to their progress, the Board sent Attorney Schrinsky a request for a reply to the grievance. When it received no response within the time specified, the Board sent him a certified letter, to which he did respond. The referee concluded that Attorney Schrinsky neglected this legal matter, in violation of SCR 20.32(3) and 20:1.3.

In a fourth matter, in February, 1985, one of the passengers in the auto accident in which his minor client was involved retained Attorney Schrinsky to represent her on her claim arising out of that accident. The client's medical treatment was completed in April, 1985 but Attorney Schrinsky did not communicate with the insurer between July, 1985 and April, 1987, although the insurer had attempted to contact him every 90 days. Attorney Schrinsky did not send the medical records to the insurer until May 7, 1987.

After the client filed a grievance, the Board sent Attorney Schrinsky a letter asking for his written response. When it received no reply, it sent a certified letter, to which he did reply. The Board subsequently requested additional information but Attorney Schrinsky failed to respond to that request. When the Board served a formal notice for him to appear at its office, he did appear but offered no explanation for his failure to respond to the request for additional information.

181

The referee concluded that Attorney Schrinsky's conduct in this matter constituted failure to act with reasonable diligence and promptness in his client's matter, in violation of SCR 20.32(3), and that he violated SCR 21.03(4) and 22.07(2) by failing to provide a written response to the two inquiries from the Board.

In making his recommendation for discipline, the referee addressed Attorney Schrinsky's assertion of his having suffered from depression as a circumstance mitigating the seriousness of his misconduct. During the proceeding, Attorney Schrinsky presented evidence and testimony that there was a causal relationship between his condition and his misconduct, although it was not the sole cause of that misconduct. There also was testimony that Attorney Schrinsky's condition impairs his ability to practice, results in his practicing at reduced efficiency and, if not treated, will continue for a significant period.

Noting that Attorney Schrinsky did not continue consultation or therapy and did not take prescribed medication, the referee concluded that the asserted mitigating factor should not be considered insofar as affecting the sanction to be imposed for Attorney Schrinsky's professional misconduct. However, the referee implicitly considered that it should be considered in terms of imposing conditions on his continued practice. Accordingly, in addition to the 60-day license suspension, the referee recommended that the court impose on Attorney Schrinsky's practice following that suspension specific conditions directed to the medical condition Attorney Schrinsky asserted in mitigation of his misconduct.

We adopt the referee's findings of fact and conclusions of law and we accept the recommendation for discipline, including the imposition of the conditions specified by the referee.

182

IT IS ORDERED that the license of Alan P. Schrinsky to practice law in Wisconsin is suspended for a period of 60 days, commencing June 24, 1991.

IT IS FURTHER ORDERED that, upon reinstatement of his license to practice law, Attorney Schrinsky comply with the conditions set forth in the referee's report on file in this proceeding.

IT IS FURTHER ORDERED that within 60 days of the date of this order Alan P. Schrinsky pay to the Board of Attorneys Professional Responsibility the costs of this disciplinary proceeding, provided that if the costs are not paid within the time specified and absent a showing to this court of his inability to pay the costs within that time, the license of Alan P. Schrinsky to practice law in Wisconsin shall be suspended until further order of the court.

IT IS FURTHER ORDERED that Alan P. Schrinsky comply with the provisions of SCR 22.26 concerning the duties of a person whose license to practice law in Wisconsin has been suspended.